IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES W. BOWLIN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv−0972−JPG |
| | ) | |
| JON TORBECK, | ) | |
| TYLOR BUTTS, | ) | |
| BRYAN GLIDDEN, | ) | |
| CHRIS SMITH, and | ) | |
| FAYETTE COUNTY JAIL | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff James W. Bowlin, Jr., an inmate in Fayette County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive relief and compensatory damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

On August 24, 2017, an inmate at Fayette County jail had a seizure and fell in the shower. (Doc. 1, p. 5). The fall sliced his face open from eye to chin, and blood went everywhere. *Id.* When the jail officers learned that the injured man had Hepatitis C, they left the cell block and told the inmates to clean up the blood. *Id.* Plaintiff asked Butts and Torbeck for protective gloves and/or a mask, but was told he couldn't have any. (Doc. 1, pp. 5-6). Plaintiff and several other inmates had to clean up the blood without masks, gloves, or help. (Doc. 1, p. 5).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim survives threshold review:

> **Count 1** – Butts and Torbeck were deliberately indifferent to a serious risk of harm when they exposed Plaintiff to blood containing Hepatitis C without adequate safeguards like a mask and/or gloves.

Plaintiff's status at the Fayette County Jail is not completely clear; he may be a pre-trial detainee. However, the Seventh Circuit has found that it is not error for a district court to use the Eighth Amendment and Fourteenth Amendment standards interchangeably. *See Sain v. Wood*, 512 F.3d 886, 893-94 (7th Cir. 2008); *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

As to Plaintiff's **Count 1**, the Eighth Amendment's prohibition on "cruel and unusual punishment" establishes the minimum standard for the treatment of prisoners by prison officials. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). To prevail ultimately on a claim involving conditions of confinement, a prisoner must show both that the conditions to which he was subjected were "sufficiently serious" and that respondents were deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 835 (1994).

Generally, the inquiry whether the conditions were "sufficiently serious" focuses on the question whether the conditions were contrary to "the evolving standards of decency that mark the progress of a maturing society." *Farmer,* 511 U.S. at 833-34 (internal quotations omitted). Knowingly exposing a prisoner to a serious risk of harm may violate the Eighth Amendment. *Powers v. Snyder,* 484 F.3d 929, 931 (7th Cir. 2007) (knowingly exposing a prisoner to Hepatitis or other serious diseases can violate the Constitution); *see also Helling v. McKinnney*, 509 U.S. 25, 33 (1993) (Constitution forbids deliberate indifference to a condition of confinement that is sure or very likely to cause serious illness in the future).

In the context of a conditions of confinement claim, "deliberate indifference" is the equivalent of intentional or reckless conduct. *Jackson v. Illinois Medi-Car, Inc.,* 300 F.3d 760, 765 (7th Cir. 2002). To state a claim, a prisoner must allege, at a minimum, "actual knowledge

of impending harm easily preventable." *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992) (quoting *Duckworth v. Franzen,* 780 F.2d 645, 653 (7th Cir. 1985)).

Here Plaintiff has alleged that the Defendants knowingly exposed him to Hepatitis C, which is exactly the kind of risk that the Seventh Circuit has indicated may state a claim for violating the Eighth Amendment. Moreover, he alleges that Defendants not only knew about the risk, but took care to remove themselves from the situation, suggesting they were deliberately indifferent to the prisoners who were left to deal with the mess. Plaintiff is unsure as to whether he contracted any disease, and further factual development may show that the risks he faced from this situation were minimal, but at the pleading stages, Plaintiff has adequately pleaded an Eighth Amendment violation and his claim will go forward against Butts and Torbeck.

However, the other Defendants must be dismissed at this time. Plaintiff lists Glidden and Smith as Defendants but does not actually include them in his statement of claim (Butts and Torbeck barely squeaked by and only because Plaintiff named them in his request for relief).

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely

4

invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not listed Defendants Glidden and Smith elsewhere in his complaint, he has not adequately stated claims against these individuals, or put them on notice of any claims that Plaintiff may have against them. For this reason, Defendants Glidden and Smith will be dismissed from this action without prejudice. If Plaintiff can provide more facts attesting to their personal involvement in his claims, he may seek leave to file an amended complaint, making sure to include all claims, old and new.

Plaintiff has also named Fayette County Jail as a defendant, but its inclusion is improper here. Under Federal Rule of Civil Procedure 17(b), a defendant named in a lawsuit must have the legal capacity to be sued. Federal courts look to state law to determine if the entity has the legal capacity to be sued under Rule 17(b). In Illinois, the defendant must have a legal existence. *Jackson v. Village of Rosemont,* 536 N.E.2d 720, 723 (Ill.App. 3d Dist. 1988).

Illinois Courts have not recognized a sheriff's office or a police department as a legal entity. *Magnuson v. Cassarella,* 812 F.Supp. 824, 827 (N.D.Ill. 1992); *see West v. Waymire,* 114 F.3d 646, 646–47 (7th Cir. 1997). The Illinois Constitution provides that each county shall elect a sheriff who is responsible for law enforcement. Ill. Const.1970, art. VII, § 4(c). The sheriff is responsible for jail operations, medical treatment of inmates, and actions of his officers. 730 ILCS § 125/2; ILCS 125/17. As an elected officer, a sheriff is not an employee. County police and county jails are merely a branch of the sheriff as a county officer, and are not legal entities capable of being sued. *Magnuson,* 812 F.Supp. at 827. Article VII of the Illinois Constitution does not establish any county police or county jail as a separate and individual legal entity. ILL.

5

CONST. art. VII, § 1. Therefore the Fayette County Jail will be dismissed with prejudice as a Defendant.

## Pending Motions

Plaintiff's pending motions will be addressed by separate order. (Doc. 2) (Doc. 7) (Doc. 9).

Plaintiff's Complaint requested testing for disease as part of his relief. Although this is injunctive relief, Plaintiff's Motion at Doc. 9 indicates that he has since been sent out for testing and is scheduled for follow-up testing. (Doc. 9, p. 2). Plaintiff's request for injunctive relief appears to be moot, and the Court has not construed the Complaint as containing a request for a preliminary injunction. If Plaintiff seeks a preliminary injunction, he may file a motion on that point.

## Disposition

**IT IS HEREBY ORDERED** that **Count 1** survives threshold review against Torbeck and Butts. Glidden and Smith are **DISMISSED without prejudice** Fayette County Jail is **DISMISSED with prejudice.**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Torbeck and Butts: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that

Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge Magistrate for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

7

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: October 26, 2017**

s/J. Phil Gilbert
**U.S. District Judge**